UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kester Wubben, et al.,                                Civil No. 10-1962 (DSD/FLN)

        Plaintiffs,
v.                                                    **ORDER & REPORT AND RECOMMENDATION**

Specialized Loan Servicing, LLC,
in care of FCDB LBPL 2008-1, et al.,

        Defendants.

_____

Kester Wubben & Ralph Killing, *Pro Se* Plaintiffs.
Jared M. Goerlitz for Defendant Specialized Loan Servicing, LLC.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 9, 2010 on Defendant Specialized Loan Servicing, LLC's Motion to Dismiss, or Alternatively, for a More Definite Statement [#2]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion to dismiss be **GRANTED**.

### I. BACKGROUND

Kester Wubben and Ralph Killing[1] ("Plaintiffs") are trustees of a parcel of land on Oakland Avenue in Hennepin County ("Subject Property"). (Compl. ¶ 1.) On April 16, 2010, Plaintiffs served a Summons and Complaint, filed in Minnesota District Court for Hennepin County, upon counsel for Defendants (Doc. No. 5, Goerlitz Aff. ¶ 8),[2] seeking:

---

[1] There is no evidence in the record that establishes Ralph Killing's interest in the Subject Property. The original mortgage documents name Kester Wubben, an individual, as mortgagor. (*See* Doc. No. 5, Goerlitz Aff., Ex. 2.)
[2] Defendants argue that service of process was improper. Because the Court grants the motion to dismiss on other grounds, the Court need not reach Defendants' improper service argument.

> 1. Court intervention to prevent Defendants from taking any further action to transfer title or to remove Plaintiff from property unless and until the following proof of standing, authority and notices are presented: [sic]
> 2. Defendants [sic] proof of said standing and authority to foreclose based on possession of original wet ink signature on said Promissory Note.
> 3. In the event all of the above proof cannot be presented, Plaintiff respectfully demands an order compelling Defendants to cease and desist any and all action adverse to Plaintiff and to immediately transfer title, all rights and interest of property back to Plaintiff.

(Compl. at 2.)

Plaintiffs do not assert a specific cause of action pursuant to which they claim the relief sought. They state only that they are "unsure as to whether the lender still possesses the original debt instrument, upon which the lender claims the right to foreclose." (Compl. ¶ 6.) Plaintiffs assert that Defendant[3] is neither the real party in interest nor the holder in due course and, therefore, "Defendant had no standing to foreclose and foreclosure is void." (Compl. ¶¶ 7–9.) Defendant Specialized Loan Servicing, LLC ("SLS"), "Attorney In Fact" for FCDB LBPL 2008-1 Trust (Goerlitz Aff. Ex. 4), removed the case to this Court and has since brought the instant motion to dismiss.

In support of its motion to dismiss, SLS submitted, among other documents, a certified copy of the Warranty Deed issued to Kester Wubben, a single person, for the Subject Property, dated December 19, 2007. (Goerlitz Aff., Ex. 1.) The Warranty Deed was recorded on January 15, 2008. (Goerlitz Aff. ¶ 2.) SLS also submitted a certified copy of a Note and Mortgage executed by Plaintiff Wubben on December 19, 2007 in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, for the Subject Property. (Goerlitz Aff., Ex. 2.) The Mortgage for the Subject Property was originally recorded on January 15, 2008 with the Hennepin County Recorder. (Goerlitz Aff., Ex. 2.) The Mortgage was thereafter assigned to FCDB LBPL 2008-1 Trust by Assignment of Mortgage, dated July 16,

---

[3] Presumably "Defendant" (singular) refers to Defendant SLS on behalf of FCDB LBPL 2008-1 Trust in this matter.

2009 and recorded August 5, 2009.[4] (Goerlitz Aff., Ex. 3.) FCDB LBPL 2008-1 Trust subsequently commenced foreclosure by advertisement by Notice of Pendency and Power to Foreclose, dated July 29, 2009 and recorded August 5, 2009. (Goerlitz Aff., Ex. 4.)

On October 16, 2009, a sheriff's sale occurred on the Subject Property by FCDB LBPL 2008-1 Trust, and the Sheriff's Certificate of Sale and Foreclosure Record was recorded October 16, 2009 as Document No. A9432603. (Goerlitz Aff. ¶ 6, Ex. 5.) The Sheriff's Certificate of Sale set forth a six-month redemption period, which expired on April 16, 2010 without any redemption. (Goerlitz Aff. ¶ 7.) The Sheriff's Certificate of Sale noted that, on October 16, 2009, Richard W. Stanek, of the Hennepin County Sheriff's Office "did strike off and sell" the Subject Property to "FCDB LBPL 2008-1 Trust, for the sum of: $76,279.00." (Goerlitz Aff., Ex. 5 at 47.)

## II. STANDARD OF REVIEW

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a

---

[4] At the hearing, counsel for SLS had, in his possession for Plaintiffs' review, the original promissory note for the mortgage at issue. Plaintiffs, however, did not appear at the hearing, and the original document was not submitted to the Court as an exhibit, given that a copy already exists within the record.

claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III. CONCLUSIONS OF LAW

In order to survive the motion to dismiss, Plaintiffs' claims against Defendants must be facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The facts alleged must allow this Court to draw a reasonable inference that Defendants are liable to Plaintiffs for the misconduct alleged. *Id.* Here, the facts alleged, even if assumed to be true, do not permit the Court to reasonably infer Defendants' liability to Plaintiffs.

**A. Plaintiffs' complaint asserts no factual allegations which plausibly invalidate the foreclosure sale or contradict the recorded assignment of mortgage.**

Plaintiffs have offered no factual support for their argument that FCDB LBPL 2008-1 Trust, through SLS, lacks the power and authority to foreclose on the Subject Property. No evidence exists in the record that another entity may be the real party in interest here or the holder in due course of the original note. On the contrary, the evidence indicates that FCDB LBPL 2008-1 Trust, through SLS, has the power to foreclose by advertisement under Minnesota law.

4

The recorded assignment of mortgage confers upon FCDB LBPL 2008-1 Trust "all right and interest in the note and obligation therein specified and the debt thereby secured." (Goerlitz Aff., Ex. 3.) The validity of the assignment is undisputed. Further, the validity of the Sheriff's Certificate of Sale is undisputed. Additionally, counsel for SLS appeared at the hearing in this matter with the original promissory note in his possession. No evidence within the record, and no plausible factual allegations within Plaintiffs' complaint, exists to dispute that FCDB LBPL 2008-1 Trust possesses both record and legal title to the mortgage it foreclosed by advertisement pursuant to Minnesota statute. *See* Minn. Stat. § 580.02.

B.  **Evidence of Title in Fee**

SLS also submitted the Sheriff's Certificate of Sale in support of its motion. (Goerlitz Aff., Ex. 5.) Section 580.19 of the Minnesota Statutes states:

> Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired.

Minn. Stat. § 580.19. The redemption period here expired on April 16, 2010, and no redemption was made from the sale of the property. (Goerlitz Aff. ¶ 7.) The Sheriff's Certificate of Sale, therefore, serves as prima facie evidence of FCDB LBPL 2008-1 Trust's ownership of the Subject Property in fee. Given that SLS has submitted evidence of FCDB LBPL 2008-1 Trust's ownership of the Subject Property in fee, the Court finds that SLS, on behalf of FCDB LBPL 2008-1 Trust, has complied with "all the requirements of law" to sell the Subject Property.

To survive the motion to dismiss, Plaintiffs' complaint must contain sufficient factual matter that, if accepted as true, would state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting *Twombly*, 550 U.S. 544, 570. The complaint has facial plausibility only if it contains factual allegations which allow the Court to draw the

5

reasonable inference that Defendants are liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556. Since the facts alleged by Plaintiffs do not assert a claim for relief that is plausible on its face, the complaint fails to state a valid claim upon which relief can be granted.

For the reasons articulated herein, the complaint cannot survive the instant motion to dismiss.

## IV. RECOMMENDATION

Based upon the foregoing, all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Defendant Specialized Loan Servicing, LLC's Motion to Dismiss [#2] be **GRANTED**;

2) Plaintiffs' Complaint be **DISMISSED**; and

3) **JUDGMENT BE ENTERED ACCORDINGLY**.

## V. ORDER

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1) Defendant Specialized Loan Servicing, LLC's Motion for Protective Order [#13] is **DENIED as moot**;

2) The motion hearing scheduled for Tuesday, September 7, 2010 is **CANCELLED**.


DATED: August 26, 2010*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

6

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 9, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 9, 2010**, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.